UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LARRY JEROME JENKINS,
    Petitioner,

vs.                                      Case No.: 5:23cv101/TKW/ZCB

STATE OF FLORIDA,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner has filed a document titled "Motion for Extension or Enlargement of Time." (Doc. 1).[1] In the motion, Petitioner seeks an extension of the one-year limitation period for filing a habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d) (setting forth the limitation period for § 2254 petitions). Petitioner has not filed an actual habeas corpus petition under § 2254, and his motion for extension of time does not contain allegations sufficient to support a claim for relief under § 2254.[2] Thus, the Court lacks jurisdiction over this matter and it should be dismissed.

---

[1] The Clerk of Court used Petitioner's filing to open a new habeas corpus case and docketed the filing as a "Petition for Writ of Habeas Corpus" instead of a "Motion for Extension or Enlargement of Time."

[2] A court may construe a motion or notice as a substantive habeas corpus petition where the motion or notice "contains allegations sufficient to support a claim" for habeas relief. *Stewart v. United States*, 646 F.3d 856, 857 n.1 (11th Cir. 2011). Here, however, Petitioner's motion for an extension of time is insufficient to support

As the Eleventh Circuit has explained, when a petitioner has not filed a habeas petition "at the time he sought an extension to the limitations period, there was no actual case or controversy to be heard." *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014) (holding that the district court lacked jurisdiction to consider a motion to extend the one-year limitation period for a § 2255 petition when no § 2255 petition had been filed). Other circuit courts have said the same thing. *See, e.g.*, *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016) (affirming denial of motion to extend time for filing a § 2255 petition because "in the absence of a pending § 2255 motion, there was no action in the district court to which the motion [for extension] could apply," and "Federal courts do not lightly grant relief in non-existent cases"). And other judges of this Court have similarly recognized that "[u]nless and until a § 2254 petition is filed, this Court has no jurisdiction to consider the timeframe for such petition as there is no case or controversy." *Mosley v. Florida*, No. 4:21cv167MW/MAF, 2021 WL 2044408, at *1 (N.D. Fla. Apr. 22, 2021) (dismissing case without prejudice for lack of jurisdiction where petitioner filed a motion for extension of time to file a § 2254 habeas petition but did not file an actual § 2254 habeas petition), *adopted*, 2021 WL 2038379 (N.D. Fla. May 21,

---

a claim for relief under § 2254—the motion does not articulate any claims or arguments on which habeas relief could be granted. The Court, therefore, has no basis for construing Petitioner's motion for an extension of time as a substantive habeas petition under § 2254.

2021); *see also Colvin v. Florida*, No. 3:20cv5878/LAC/MJF, 2020 WL 6731132 (N.D. Fla. Oct. 15, 2020) (same), *adopted*, 2020 WL 6728803 (N.D. Fla. Nov. 16, 2020); *Broadnax v. Jones*, No. 3:15cv341/RV/CAS, 2015 WL 4977311 (N.D. Fla. Aug. 4, 2015) (same), *adopted*, 2015 WL 4977298 (N.D. Fla. Aug. 20, 2015).

Because Petitioner has filed a motion for an extension of time to file a § 2254 petition but has not actually filed a § 2254 petition, this Court lacks jurisdiction to rule on the motion for an extension or to consider any other procedural or substantive issues. This case, therefore, should be dismissed without prejudice for lack of jurisdiction.[3]

Accordingly, it is **ORDERED** that the Clerk of Court docket Petitioner's initial filing (Doc. 1) as a "Motion for Extension or Enlargement of Time" instead of a "Petition for Writ of Habeas Corpus."

And it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for lack of jurisdiction.

At Pensacola, Florida, this 19th day of April 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

---

[3] A certificate of appealability is not necessary to appeal a dismissal for lack of subject matter jurisdiction because such a dismissal order is not "a final order in a habeas corpus proceeding." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020). Instead, an appellate court may review such a dismissal as a "final decision" under 28 U.S.C. § 1291. *Id.*

3

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**